IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 6:25-cv-00341-GAP-UAM

IMAGE PROFESSIONALS GMBH
d/b/a STOCKFOOD,

     Plaintiff,

v.

SLICE SOLUTIONS, INC. d/b/a
SLICE,

     Defendant.

_____

## FIRST AMENDED COMPLAINT

Plaintiff Image Professionals GmbH d/b/a StockFood. ("Plaintiff") sues Slice Solutions, Inc. d/b/a Slice ("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is a "Gesellschaft mit beschränkter Haftung" (the functional equivalent of a limited liability company under US law) organized and existing under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

2.    Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 902 Broadway, New York, NY 10010. Defendant's agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because it committed a tortious act within this state, and the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice. See, e.g., Vallejo v. Narcos Prods., LLC, No. 1:18-cv-23462-KMM, 2019 U.S. Dist. LEXIS 198109, at *5 (S.D. Fla. June 14, 2019) ("Copyright infringement is a tortious act, and the Florida long-arm statute confers jurisdiction if the effects of the infringement were felt in the state."). As set forth herein, Defendant contracted with a Florida business to create and manage its website and online ordering system, with Defendant supplying the infringing work(s) for such Florida business' benefit and displaying the work(s) on such Florida business' website and/or online ordering system.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.    Plaintiff's Business and History

6.    Originally started in 1979 as StockFood GmbH, Plaintiff's goal was to create the largest premium collection of food images on the international photography market. Today, Plaintiff has amassed the world's largest collection of professional food images, videos, and recipes, with approximately 1 million images offered from a collection of 1,500 different photographers.

7.    Such content is offered for license on Plaintiff's StockFood website (https://usa.stockfood.com/).    In 2019, Plaintiff was renamed to Image Professionals GmbH to account for its expansions into libraries beyond food photography and the provision of services to image professionals throughout the world.

8.    Plaintiff's image library was previously made available for license in the United States through its wholly-owned subsidiary, StockFood America, Inc. ("StockFood America").  In November 2020, however, Plaintiff and StockFood America entered into a Rights Transfer and Stock Purchase Agreement whereby

3

StockFood America assigned and transferred to Plaintiff all of its copyrighted materials and registrations, including the work(s) at issue herein and their corresponding registrations with the Register of Copyrights.

## II.    The Work at Issue in this Lawsuit

9.    In 2010, one of Plaintiff's professional contributor photographers created a photograph titled "11087802" (the "Work"). A copy of the Work is displayed below:



10.    The Work was registered by StockFood America with the Register of Copyrights on June 10, 2013 and was assigned Registration No. VA 1-434-122. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

11.    For all times relevant to this action, Plaintiff and the subject contributor photographer(s) were parties to one or more written agreements whereby such

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter.  Such written agreement(s) likewise authorize Plaintiff (or its wholly-owned subsidiary, StockFood America) to register any of the contributor photographer(s)' photographs with the US Copyright Office (with Plaintiff as the claimant) to the extent such contributor photographer(s) have not already done so.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

## III.    Defendant's Unlawful Activities

12.    Defendant provides technology solutions for independent pizza restaurants.  Defendant's platform/suite of services is designed to help pizzeria owners streamline online ordering, marketing, and delivery operations.  Defendant's suite of products includes online ordering, a website builder, marketing services, and other services for pizzeria owners.

13.    Defendant advertises/markets its business through its website (https://slicelife.com/),                social            media            (e.g., https://www.facebook.com/SlicePlatform/, https://www.instagram.com/slice/, and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

https://x.com/slice), and other forms of advertising.

14.     Bongardi LLC d/b/a Lake Nona Deli & Market ("Lake Nona Deli") is a delicatessen and pizzeria operating primarily from its storefront located at 8510 Insular Ln, Orlando, FL 32827.

15.     On or about September 1, 2020, Lake Nona Deli and Defendant entered into a "Restaurant Service Agreement" whereby Defendant agreed, among other services, to create a "Slice-powered custom website or Slice online ordering button (Direct)" for Lake Nona Deli in exchange for certain fees charged by Defendant.

16.     As part of such agreement, Defendant created a website (https://www.lakenonadelimarketmenu.com/) on behalf of Lake Nona Deli, with Defendant maintaining full ownership and control of all content posted thereto, including but not limited to all photographic images posted thereon.

17.     The foregoing website prominently displayed Lake Nona Deli's Orlando, FL address and included an interactive menu-ordering platform whereby consumers could click on images for menu items and place an order, through Defendant's ordering platform, for local delivery/pickup.

18.     On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on the website Defendant created for Lake Nona Deli and on Defendant's own website as a means of advertising,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

promoting, and/or marketing Defendant/Lake Nona Deli's business (at https://www.lakenonadelimarketmenu.com/):



(at https://slicelife.com/restaurants/fl/orlando/32827/lake-nona-deli-market/menu):

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228



19.    A  true  and  correct  copy  of  screenshots  of  Defendant's  website,

webpage, and/or social media, displaying the copyrighted Work, is attached hereto

as **Exhibit "B."**

20.    Defendant's employees/agents caused the Work to be displayed on the

foregoing  websites  for  the  benefit  of  Lake  Nona  Deli  and  in  furtherance  of

Defendant's  contractual  obligations.    According  to  Lake  Nona  Deli,  its

employees/representatives had no role in selecting the Work for inclusion on the

website as such was done exclusively by Defendant/its employees/its agents.

21.    Defendant is not and has never been licensed to use or display the

Work.  Defendant never contacted Plaintiff to seek permission to use the Work in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

connection with Defendant's business – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

22.   Defendant utilized the Work for commercial use.

23.   Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

24.   Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in June 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

25.   All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

26.   Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27.   Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28.   Plaintiff has standing to bring this lawsuit and assert the claim(s) herein

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s) and/or registered the Work with the Register of Copyrights in Plaintiff's name).

29.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work for or on behalf of Lake Nona Deli.

30.    Defendant reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

31.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendant's infringement was either direct, vicarious, and/or contributory.

32.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© Copyright 2025 Slice Solutions, Inc."), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); <u>John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.</u>, Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

33.   Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

34.   Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

35.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

36.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

37.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

f.   Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.   For such other relief as the Court deems just and proper.

Dated: April 21, 2025.                    COPYCAT LEGAL PLLC
                                          3111 N. University Drive
                                          Suite 301
                                          Coral Springs, FL 33065
                                          Telephone: (877) 437-6228
                                          dan@copycatlegal.com

                                          By: /s/ Daniel DeSouza
                                               Daniel DeSouza, Esq.
                                               Florida Bar No.: 19291

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228